■ LUDWIG EISNER et al., Appellants, v SAM BERKSON et al., Respondents.—In an action, *inter alia,* for specific performance of a contract to convey real property, plaintiffs appeal from an order of the Supreme Court, Kings County, dated March 15, 1979, which denied plaintiffs' motion for summary judgment and granted summary judgment in favor of the defendants. The appeal brings up for review so much of a further order of the same court, dated April 25, 1979, as, upon reargument, adhered to the original determination. Appeal from the order dated March 15, 1979 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated April 25, 1979 modified, by adding thereto, immediately after the provision adhering to the original determination, the following: "except that so much of the order dated March 15, 1979 as granted summary judgment to defendants is vacated and summary judgment is denied to the defendants." As so modified, said order affirmed insofar as reviewed, without costs or disbursements. The existence of triable issues regarding, *inter alia,* the type of notice which had to be given to the sellers under the contract upon the purchasers' obtaining a mortgage commitment, precludes the granting of summary judgment. Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ CAROL ETKIN, as Administratrix of the Estate of ALEX H. ETKIN, Deceased, Appellant, v HERBERT R. MARCUS, Respondent, et al., Defendants. —In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Queens County, dated March 5, 1979, which denied her motion for leave to serve an amended complaint setting forth a cause of action for lack of informed consent against defendant Marcus only. Order affirmed, without costs or disbursements. The motion was properly denied because the proposed amendment is patently insufficient to set forth a cause of action for lack of informed consent. (See *Molino v County of Putnam,* 30 AD2d 929.) This is not a case where the wrong complained of, with respect to the defendant Marcus, arises from some affirmative violation of the plaintiff's intestate's physical integrity. (See, e.g., *Eley v Brooklyn Cumberland Med. Center,* 55 AD2d 925 [open heart surgery]; *Murriello v Crapotta,* 51 AD2d 381 [cataract surgery]; *Zeleznick v Jewish Chronic Disease Hosp.,* 47 AD2d 199 [angiography].) To the contrary, as to said defendant, plaintiff complains of his alleged failure to advise plaintiff's intestate of the seriousness of his condition, with the result that affirmative treatment was not sought in a timely manner. Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.