■ VLADIMIR KESELMAN, Individually and as Administrator of the Estate of BABY BOY KESELMAN, Deceased, et al., Appellants, v KINGSBORO MEDICAL GROUP, Sued Herein as FLATBUSH MEDICAL GROUP, et al., Respondents.—In an action to recover damages for personal injuries and wrongful death based upon medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Bellard, J.), dated May 6, 1988, which granted the defendants' respective motion and cross motion to dismiss the plaintiffs' first through thirteenth causes of action pursuant to CPLR 3211 and 3212, and (2) so much of an order of the same court, dated December 1, 1988, as upon granting renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 6, 1988, is dismissed, as that order was superseded by the order dated December 1, 1988, made upon renewal and reargument; and it is further,

Ordered that the order dated December 1, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiffs, husband and wife, had a child born with an omphalocele, a genetic anomaly causing the abdominal organs

to be exposed and, in this case, leading to death just hours after birth. The plaintiffs brought this action *pro se,* alleging that the defendants' failure to diagnose this anomaly caused physical pain to the mother and the infant, as well as emotional harm to the mother and the father. The plaintiffs also alleged, *inter alia,* that there was a lack of informed consent on the part of the mother, as she might have opted for other medical procedures had she been informed of the infant's abnormality.

Upon motion and cross motion by the defendants pursuant to CPLR 3211 and 3212, all the causes of action except the fourteenth, alleging an unauthorized autopsy, and the fifteenth, alleging breach of contract by the defendant Brookdale Medical Center Hospital, were dismissed.

Insofar as the plaintiffs alleged claims on behalf of their infant, whether denominated as a claim for wrongful life or otherwise, they have failed to state a legally cognizable cause of action *(see, Becker v Schwartz,* 46 NY2d 401). Additionally, absent independent physical injuries to their persons, the plaintiffs cannot recover for any psychic or emotional harm alleged to have occurred as a consequence of the birth of their infant in an impaired state *(see, Burgess v Miller,* 124 AD2d 692). Here, the plaintiff mother experienced only moderate vaginal bleeding, a common phenomenon during childbirth. Therefore, the first, second, sixth, seventh, eleventh, and thirteenth causes of action were all properly dismissed.

The plaintiffs' third, eighth, ninth, and twelfth causes of action, which alleged a lack of informed consent, were also properly dismissed since the wrong complained of did not arise out of some affirmative violation of the plaintiff mother's physical integrity *(see, Etkin v Marcus,* 74 AD2d 633; *Karlsons v Guerinot,* 57 AD2d 73). In addition, the wrongful death claims embodied in the fifth and tenth causes of action are time barred because they were commenced more than two years after the death of the infant *(see,* EPTL 5-4.1).

Finally, the plaintiffs' fourth cause of action sounding in breach of contract was " 'merely a redundant pleading of [the injured] plaintiff's malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action' " *(Mitchell v Spataro,* 89 AD2d 599). Since the plaintiffs failed to come forth with proof of an express special promise to effect a cure or to accomplish some definite result and since the damages sought are essentially for pain and suffering and other noneconomic loss, the con-

tract claim was properly dismissed *(see, Mitchell v Spataro, supra)*. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.