◼ ALICE SAGUID, Individually and as Administratrix of the Estate of RENEE L. SAGUID, Deceased, et al., Appellants-Respondents, v KINGSTON HOSPITAL et al., Respondents-Appellants. [623 NYS2d 341] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Cobb, J.), entered January 3, 1994 in Ulster County, which, *inter alia,* partially granted defendants' motions for partial summary judgment.

This lawsuit has its origin in events surrounding the birth of plaintiffs' daughter Renee L. Saguid in the early morning of June 8, 1990 at defendant Kingston Hospital (hereinafter the hospital). During the period of labor endured by Renee's mother, plaintiff Alice Saguid (hereinafter Saguid), the fetal heart rate decelerated several times, and when defendant Joseph Rienzi, Saguid's obstetrician, arrived at the hospital and examined her, he discovered that the umbilical cord had prolapsed and the fetus was in a breech position. An emergency Cesarean section was ordered, and for the next 45 minutes Rienzi kept his arm inside Saguid's vagina, holding the fetus off the cord. Several hours after she was born, Renee was transferred to Albany Medical Center where she died on June 10, 1990.

Saguid and her husband thereafter commenced this malpractice and wrongful death action against Rienzi and the hospital, alleging that defendants' conduct prolonged Saguid's labor unnecessarily, injured her and resulted in Renee's death, which caused both parents to suffer emotional distress. They also assert a cause of action based on defendants' failure to obtain Saguid's informed consent; seek to recover for Renee's pain and suffering, and the loss of her companionship, support and services; and request an award of punitive damages. After issue was joined and some discovery had, defendants each moved for summary judgment dismissing all claims except that for wrongful death, and sought to limit the possible damages flowing therefrom. Plaintiffs opposed the motions and cross-moved for an order setting a date for defendants' depositions. Supreme Court granted virtually all the relief defendants sought, but refused to rule out the possibility of recovery on the wrongful death claim for loss of support and services. Plaintiffs' motion was also granted and

depositions were scheduled, but apparently have not been held. Plaintiffs appeal from all parts of the order, and defendants cross-appeal from so much thereof as refused to award the relief they requested with regard to the wrongful death claim.

Plaintiffs contend that Supreme Court erroneously dismissed their causes of action for emotional distress; alternatively, they assert that they should have been afforded a continuance to enable them to obtain the testimony of Saguid's gynecologist, which, they say, would raise a question of fact as to whether Saguid sustained a medically cognizable injury as a result of defendants' negligence.* While Saguid contends that she was subjected to an extraordinary amount of pain and suffered injuries beyond those associated with a normal birth, aside from her testimony the record contains nothing to substantiate this representation. Moreover, Rienzi's affidavit, even when viewed as self-serving, constitutes competent medical proof that Saguid sustained no physical injury beyond that naturally attendant to childbirth, and hence that the emotional distress she allegedly suffered is not compensable (see, Kakoullis v Janssen, 188 AD2d 769, 770).

In response, plaintiffs argue that they have a reasonable excuse for not furnishing countervailing expert medical testimony (see, CPLR 3212 [f]; US 7 v Transamerica Ins. Co., 173 AD2d 311, 312). To establish this, they submit an attorney's affirmation which outlines the expected testimony of Saguid's gynecologist who, although he was prohibited by his employer from furnishing an affidavit in a timely manner, had agreed to testify if he was subpoenaed. Having demonstrated that facts supporting their position may exist, but that despite having made reasonable attempts to obtain the information they were unable to acquire it (see, R.C.S. Farmers Mkts. Corp. v Great Am. Ins. Co., 56 NY2d 918, 921; State of New York v Wisser Co., 170 AD2d 918, 920), plaintiffs should be allowed an opportunity to procure the doctor's testimony before summary judgment may be awarded on the third cause of action for Saguid's physical injury. For the same reason, summary judgment is premature with respect to that portion of the fourth cause of action which pertains to Saguid's alleged emotional damages, because the viability of this claim also hinges on

---

* On this motion, defendants have not argued that they were not negligent; they simply contend that plaintiffs suffered no injury for which recovery may be obtained. Hence, insofar as the negligence claims are concerned, that is the only issue with respect to which plaintiffs are obliged, at this point, to come forth with proof.

whether plaintiffs are able to prove that Saguid suffered physical injury as a result of the malpractice that allegedly caused Renee's death *(see, Keselman v Kingsboro Med. Group,* 156 AD2d 334, 335, *lv dismissed* 76 NY2d 845; *Bauch v Verrilli,* 146 AD2d 835, 836).

The same is not true with regard to the emotional injury allegedly sustained by Saguid's husband, however, for he was merely a bystander and was not personally at risk of any physical injury; plainly, he cannot be said to have been in the "zone-of-danger" *(see, Bovsun v Sanperi,* 61 NY2d 219, 230-231). Nor was his emotional distress the result of having been subjected directly to defendants' alleged negligence *(see, Howard v Lecher,* 42 NY2d 109, 111). Therefore, the fourth cause of action, insofar as it seeks to recover for Stephen Saguid's emotional injuries, was properly dismissed.

We agree with plaintiffs that the portion of the complaint which seeks recovery for Renee's pain and suffering should not have been dismissed. While Rienzi avers, on the basis of his review of the child's medical records, that she was never conscious, the transport record, made by medical personnel who transferred Renee from the hospital to Albany Medical Center and were actually with her at the time, notes that she was "grunting", "crying" around the endotracheal tube, and that she was "awake" at 5:15 A.M. Bearing in mind that issue finding rather than issue resolution is the test to be applied in deciding a motion for summary judgment *(see, Kriz v Schum,* 75 NY2d 25, 33), this at least raises a question as to whether she "cried out or made any noise in pain" *(Cummins v County of Onondaga,* 84 NY2d 322, 325), or otherwise evinced " 'some level of awareness' " *(McDougald v Garber,* 73 NY2d 246, 255), at any time before her death *(see, Kinner v Kuroczka,* 12 AD2d 383, 385-386).

The remainder of the arguments directed by plaintiffs to the summary judgment motion are unconvincing. The complaint does not state a valid cause of action based on lack of informed consent, for it relies, not on any nonemergency violation of Saguid's physical integrity, but essentially on the premise that her treatment was unduly delayed *(see,* Public Health Law § 2805-d [2]; *Etkin v Marcus,* 74 AD2d 633; *Karlsons v Guerinot,* 57 AD2d 73, 82). Furthermore, the record does not reflect that a reasonably prudent person in Saguid's position would not have undergone the procedures to which she was subjected *(see,* Public Health Law § 2805-d [3]; *Iazzetta v Vicenzi,* 200 AD2d 209, 213). And even taking all of plaintiffs' allegations as true, the conduct at issue here, while

arguably feckless, does not rise to the level necessary to justify an award of punitive damages (see, *Frenya v Champlain Val. Physicians' Hosp. Med. Ctr.,* 133 AD2d 1000, 1000-1001).

Nor is there merit to defendants' contention that Supreme Court erred by refusing to dismiss the wrongful death action, or declining to eliminate the possibility of recovery for loss of support and other pecuniary damages, due to the infant's young age (see, *Parilis v Feinstein,* 49 NY2d 984, 985).

Finally, although plaintiffs received the relief they sought with respect to the scheduling of defendants' depositions, and thus were not technically aggrieved by that portion of the order, in light of the intervening appeal and in the interest of justice, Supreme Court should set new dates for defendants' depositions after it has finally disposed of those issues that turn on the testimony of Saguid's doctor.

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions insofar as they sought dismissal of so much of plaintiffs' first cause of action as seeks recovery for Renee L. Saguid's conscious pain and suffering, plaintiffs' third cause of action and so much of their fourth cause of action as seeks recovery for plaintiff Alice Saguid's emotional distress; motions denied to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.