[645 NYS2d 51]

TRUDY HECHT et al., Respondents, v MARK KAPLAN et al., Appellants.

Second Department, June 17, 1996

**APPEARANCES OF COUNSEL**

*Martin, Clearwater & Bell,* New York City *(Barbara D. Goldberg* of counsel), for appellants.

*Blodnick Abramowitz & Blodnick,* Roslyn Heights *(Daniel R. Olivieri* of counsel), for respondents.

**OPINION OF THE COURT**

FLORIO, J.

In December 1990, the plaintiff Trudy Hecht went to the office of the defendant Dr. Mark Kaplan located at the codefendant North Shore University Hospital to have blood withdrawn for the purpose of testing for cytomegalovirus (hereinafter CMV). Two vials of blood were drawn. The blood was tested for CMV and, unbeknownst to Trudy Hecht, was also tested for Human T-cell Leukemia Virus (hereinafter HTLV), a contagious disease. The test indicated that Trudy Hecht was infected with HTLV. The defendants did not inform the plaintiffs of the results of the HTLV test for several months.

Sometime after learning of the HTLV test and its results, the plaintiffs commenced this medical malpractice action in June 1992 by summons and complaint alleging, *inter alia,* that the defendants had not obtained Trudy Hecht's consent to draw blood for HTLV testing, that Dr. Kaplan's use of the test results of Trudy Hecht amounted to human research without her consent, that the delay in informing the plaintiffs of those test results endangered the health of Kenneth Hecht, and negligence. The plaintiffs moved, among other things, for partial summary judgment and the defendants cross-moved to dismiss the complaint on various grounds. The Supreme Court denied the branch of the defendants' cross motion which was

to dismiss those causes of action which were based on lack of informed consent, nonconsensual experimentation, and failure to promptly inform the plaintiffs of the test results. The Supreme Court, while granting the branch of the defendants' motion which was to dismiss the plaintiffs' sixth and seventh causes of action, granted the plaintiffs leave to replead those causes of action to assert a cause of action sounding in negligence. We disagree with these determinations and therefore reverse.

 The record establishes that in the course of drawing Trudy Hecht's blood (with her consent), to test that blood for the presence of CMV, an additional tube of blood, which may not have been needed for the CMV blood test, was also drawn without any further invasive procedure. Further, the record reveals that Trudy Hecht's blood was subsequently tested without her consent for the presence of HTLV. The plaintiffs also assert that the defendants failed to timely notify them of the results of such testing. Based upon these facts and allegations, we find that the plaintiffs' complaint fails to state a cause of action as to the first, third, and fifth causes of action in the complaint.

In a cause of action to recover damages for medical malpractice which is based upon a claim of lack of informed consent, the pleadings must establish, *inter alia,* that there was some unconsented-to affirmative violation of the plaintiff's physical integrity *(see,* Public Health Law § 2805-d [2] [b]; *Iazzetta v Vicenzi,* 200 AD2d 209; *Keselman v Kingsboro Med. Group,* 156 AD2d 334; *see generally, Rovello v Orofino Realty Co.,* 40 NY2d 633).

While the exact circumstances relating to the plaintiffs' cause of action to recover damages for lack of informed consent have not been considered by the courts of our State, the Pennsylvania Superior Court dealt with a somewhat similar factual pattern in *Doe v Dyer-Goode* (389 Pa Super 151, 566 A2d 889), and we draw upon it for guidance here. In *Doe,* the plaintiff consented to have blood drawn for certain tests. That blood was then also tested, without Doe's consent, for the presence of HIV. Upon learning of the test and the positive results (it should be noted that six months later, the results of a new blood test were negative), Doe sued the doctor who drew the blood and directed that the initial test for HIV be performed. In the complaint, Doe asserted a number of theories, including, *inter alia,* lack of informed consent. The Pennsylvania Superior Court dismissed the complaint, including the cause of action

sounding in lack of informed consent. Insofar as it is relevant to this case, the Pennsylvania Superior Court found that since there was no allegation that Doe was not informed of the risks relating to the procedure itself, i.e., the drawing of blood, the fact that an additional test was performed was insufficient to permit an action grounded in battery (i.e., lack of informed consent) to stand *(Doe v Dyer-Goode,* 389 Pa Super, *supra,* at 158, 566 A2d, *supra,* at 891-892).

The California case of *Moore v Regents of Univ. of Cal.* (51 Cal 3d 120, 793 P2d 479), which upheld causes of action to recover damages for lack of informed consent and breach of fiduciary duty based upon the taking of unauthorized blood samples, is factually inapposite. There, many blood samples were drawn over a period of months and for a purpose unrelated to the patient's original problem and purely for the defendants' research purposes. In contrast, in the instant case, the possibly unauthorized additional blood sample was drawn only once and during the course of an unquestionably consented-to procedure and was used at least partially to benefit the plaintiffs.

██ We find that merely drawing an extra tube of blood during the course of an otherwise proper blood test, even for the purpose of performing unauthorized testing upon it, does not constitute an affirmative violation of Trudy Hecht's physical integrity. Therefore, since no such violation occurred, the plaintiffs' complaint fails to state a cause of action based upon lack of informed consent and that cause of action should have been dismissed.

██ We also find that the plaintiffs' allegations are insufficient to state a cause of action under Public Health Law § 2442 for unauthorized human research.

" 'Human research' " is defined in Public Health Law § 2441 (2) as "any medical experiments, research * * * which utilizes human subjects * * * and which is not required for the purposes of obtaining information for the diagnosis * * * or the assessment of [the] medical condition for the direct benefit of the subject. Human research shall not, however, be construed to mean the conduct of biological studies exclusively utilizing tissue or fluids after their * * * withdrawal * * * in the course of standard medical practice".

Public Health Law § 2442 states: "No human research may be conducted in this state in the absence of the voluntary informed consent".

Viewed in the light most favorable to them, the plaintiffs' allegations as to any alleged human research performed by the

defendants are insufficient as a matter of law. The plaintiff Trudy Hecht merely asserts that the defendant, Dr. Kaplan, performed, without her consent, an HTLV test on *blood* that had been withdrawn from her during the course of testing her for the presence of CMV, a procedure she had consented to. Her verified bill of particulars essentially reiterates those allegations.

Therefore, based upon the plaintiffs' own allegations, it is undeniable that the HTLV test was performed only upon blood which had already been drawn from Trudy Hecht during the course of standard medical practice. Therefore, the defendants' actions do not fit within the definition of human research. Accordingly, the plaintiffs failed to state a cause of action under Public Health Law § 2442.

■ We also find that the defendants did not breach any duty of care owed to the plaintiff, Kenneth Hecht, due to their alleged failure to promptly inform him that his wife, Trudy Hecht, was infected with HTLV. While the State Sanitary Code (10 NYCRR 2.27) imposes a duty upon a physician "immediately upon discovering a case of highly communicable disease" to "advise other members of the household regarding precautions to be taken to prevent further spread of the disease", infection with HTLV is not designated as a highly communicable disease in 10 NYCRR 2.1, the section of the State Sanitary Code which lists highly communicable diseases. Moreover, there is no common-law duty imposed upon a physician for the benefit of those who may contract a disease from a physician's patient to warn them of the risk of infection *(see, Ellis v Peter,* 211 AD2d 353). Therefore, the plaintiffs' fifth cause of action should also have been dismissed.

■ Finally, Trudy Hecht should not have been granted leave to replead her sixth and seventh causes of action as a cause of action, in effect, to recover damages for the negligent infliction of emotional distress. While physical injury is not a necessary component of a cause of action to recover damages for the negligent infliction of emotional distress, it must be premised upon a breach of duty owed directly to the plaintiff, which either endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her own safety *(see, Losquadro v Winthrop Univ. Hosp.,* 216 AD2d 533; *Lancellotti v Howard,* 155 AD2d 588). Since the plaintiff Trudy Hecht is seeking to recover solely for emotional harm, unaccompanied by any form of physical trauma, and has not alleged any physical harm, there is no cause of action to recover damages for the negligent infliction of emotional distress.

Accordingly, the order is reversed, insofar as appealed from, on the law, the branches of the defendants' cross motion which were to dismiss the plaintiffs' first, third, and fifth causes of action are granted, the provision of the order which granted the plaintiffs leave to replead the sixth and seventh causes of action is deleted, and the complaint is dismissed.

THOMPSON, J. P., ALTMAN and FRIEDMANN, JJ., concur.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, the branches of the defendants' cross motion which were to dismiss the plaintiffs' first, third, and fifth causes of action are granted, the provision of the order which granted the plaintiffs leave to replead their six and seventh causes of action is deleted, and the complaint is dismissed.