■ LARRY W. SCHEL, JR., Respondent, v ROBERT G. ROTH et al., Appellants, et al., Defendant. [663 NYS2d 609] —In an action to recover damages for personal injuries based on medical malpractice and lack of informed consent, the defendants Robert George Roth, Frederick Anthony Mendelsohn, Michael Ottmar Sauter, and Jack Michael Greenwood, appeal, and the defendants Lawrence Burstein, and Neurology Associates of Stony Brook, P. C., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 12, 1996, as denied those branches of their motion and cross motion which were to dismiss the second cause of action based on lack of informed consent and to strike from the plaintiff's bills of particulars all reference to lack of informed consent.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion and cross-motion which were to dismiss the plaintiff's second cause of action to recover damages based on the lack of informed consent and to strike from the plaintiff's bills of particulars any references thereto are granted.

A defendant's objection that a complaint fails to state a cause of action under CPLR 3211 (a) (7) may be raised in a motion "at any time even if such objection was not raised in the answer" (*State of New York v Wolowitz*, 96 AD2d 47, 54, citing CPLR 3211 [e]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:58, at 79; *see also,*

*Herman v Greenberg,* 221 AD2d 251; *Shaw, Licitra, Eisenberg, Esernio & Schwartz v Friedman,* 170 AD2d 1048; *Pace v Perk,* 81 AD2d 444; 6A Carmody-Wait 2d, NY Prac § 38:83, at 423). There was thus no procedural impediment to the consideration of the merits of the defendants' motion and cross motion.

Turning to the merits, we find that the defendants' motion and cross motion, made pursuant to CPLR 3212 on a ground specified in CPLR 3211 (a) (7), should have been granted. Considering the complaint together with the bills of particulars (*see, Kenneth R. v Roman Catholic Diocese,* 229 AD2d 159), we find that the plaintiff is not in any way alleging that his injuries are due, in whole or in part, to his having undergone "some affirmative violation of his physical integrity" in the absence of informed consent (*Karlsons v Guerinot,* 57 AD2d 73, 82). Instead, the plaintiff's allegations are essentially that, due to their negligence, the defendants failed to evaluate the seriousness of his condition, "with the result that affirmative treatment was not sought in a timely manner" (*Etkin v Marcus,* 74 AD2d 633). Therefore, the plaintiff failed to state a cause of action based on the lack of informed consent (*see,* Public Health Law § 2805-d; *see also, Hecht v Kaplan,* 221 AD2d 100; *Iazzetta v Vicenzi,* 200 AD2d 209; *Keselman v Kingsboro Med. Group,* 156 AD2d 334; *Etkin v Marcus, supra; Karlsons v Guerinot, supra*). Thompson, J. P., Joy, Friedmann and Krausman, JJ., concur.