■ CHRISTOPHER CAMPEA et al., Respondents, v NIRMALA MITRA et al., Defendants, and MADELYN OLSON et al., Appellants. [699 NYS2d 298] —In an action, *inter alia,* to recover damages for medical malpractice, the defendants Madelyn Olson and North Shore University Hospital appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated March 13, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the cause of action based upon lack of informed consent insofar as asserted against the appellants and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly denied that branch of the motion of the defendants Madelyn Olson and North Shore

University Hospital which was for summary judgment dismissing the plaintiffs' medical malpractice claims insofar as asserted against them. After those defendants made out a prima facie case for summary judgment, the affidavit of the plaintiffs' expert, submitted in opposition, was sufficiently specific and supported by facts in the record to create triable issues of fact (*see, Baez v Lockridge,* 259 AD2d 753; *Taylor v St. Vincent's Med. Ctr.,* 236 AD2d 461; *cf., Kaplan v Hamilton Med. Assocs.,* 262 AD2d 609).

The Supreme Court erred, however, in failing to dismiss the lack of informed consent claim asserted against the appellants. Such a claim requires a plaintiff to plead and prove that his injuries are due, at least in part, "to his having undergone 'some affirmative violation of his physical integrity' in the absence of informed consent" (*Schel v Roth,* 242 AD2d 697, 698, quoting *Karlsons v Guerinot,* 57 AD2d 73, 82). Here, the plaintiffs' claim that the appellant doctor failed to recommend surgery at a time when more beneficial results could have been obtained fails to state a cause of action based on lack of informed consent (*see, Schel v Roth, supra*). O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.