◼ AMANDA MARTIN et al., Respondents, v HUDSON VALLEY ASSOCIATES et al., Appellants, et al., Defendants. [785 NYS2d 700]—In an action to recover damages for personal injuries, etc., based on medical malpractice and lack of informed consent, etc., the defendants Hudson Valley Associates, Christine Beer, and Margaret Reither appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated January 16, 2004, as denied those branches of their motion which were to dismiss the second cause of action based on lack of informed consent, and to strike all references to lack of informed consent from the plaintiffs' bills of particulars.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were to dismiss the second cause of action based on lack of informed consent and to strike from the plaintiffs' bills of particulars all references to lack of informed consent are granted.

The Supreme Court erred in denying those branches of the

appellants' motion which were to dismiss the second cause of action based on lack of informed consent and to strike from the plaintiffs' bills of particulars all references to lack of informed consent. In a cause of action to recover damages based upon a claim of lack of informed consent, the pleadings must establish, inter alia, that there was "some unconsented-to affirmative violation of the plaintiff's physical integrity" (*Hecht v Kaplan,* 221 AD2d 100, 103 [1996]; *see* Public Health Law § 2805-d [2] [b]). The plaintiffs' allegations in the complaint, the bills of particulars, and the supplemental bills of particulars failed to state a cause of action based on lack of informed consent (*see* Public Health Law § 2805-d [2] [b]; *Sample v Levada,* 8 AD3d 465, 467 [2004]; *Campea v Mitra,* 267 AD2d 190, 191 [1999]; *Schel v Roth,* 242 AD2d 697, 698 [1997]). Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.