Samer v Desai (2020 NY Slip Op 00318)





Samer v Desai


2020 NY Slip Op 00318


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JEFFREY A. COHEN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-04201
 (Index No. 3183/12)

[*1]Paul Yuri Samer, respondent,
v
Saili Desai, et al., appellants, et al., defendant.


Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for appellants Saili Desai, Huntington Hospital Dolan Family Health Center, Inc., Huntington Hospital, and North Shore University Hospital.
Rebar Bernstiel, New York, NY (Cathleen Kelly Rebar and Frank Kelly of counsel), for appellant Saloni Anand.
Bartlett LLP, Mineola, NY (Robert G. Vizza of counsel), for appellants Ramanjit Bagga and Huntington Medical Group, P.C.
Vaslas Lepowsky Hauss & Danko LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellant Norman Sveilich.
Meagher & Meagher, P.C., White Plains, NY (Rachel R. Gruenberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Saloni Anand, the defendants Ramanjit Bagga and Huntington Medical Group, P.C., the defendant Norman Sveilich, and the defendants Saili Desai, Huntington Hospital Dolan Family Health Center, Inc., Huntington Hospital, and North Shore University Hospital separately appeal from an order of the Supreme Court, Putnam County (Robert DiBella, J.), dated March 31, 2017. The order, insofar as appealed from by the defendant Saloni Anand, the defendants Ramanjit Bagga and Huntington Medical Group, P.C., and the defendant Norman Sveilich, denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The order, insofar as appealed from by the defendants Saili Desai, Huntington Hospital Dolan Family Health Center, Inc., Huntington Hospital, and North Shore University Hospital, denied that branch of their motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from by the defendants Ramanjit Bagga and Huntington Medical Group, P.C.; and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant [*2]Saloni Anand, the defendant Norman Sveilich, and the defendants Saili Desai, Huntington Hospital Dolan Family Health Center, Inc., Huntington Hospital, and North Shore University Hospital, on the law, the separate motions of the defendants Saloni Anand and Norman Sveilich for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted, and that branch of the motion of the defendants Saili Desai, Huntington Hospital Dolan Family Health Center, Inc., Huntington Hospital, and North Shore University Hospital which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants Ramanjit Bagga and Huntington Medical Group, P.C., and one bill of costs is awarded to the defendant Saloni Anand, the defendant Norman Sveilich, and the defendants Saili Desai, Huntington Hospital Dolan Family Health Center, Inc., Huntington Hospital, and North Shore University Hospital, appearing separately and filing separate briefs, payable by the plaintiff.
The plaintiff commenced this medical malpractice action in December 2012, alleging that a negligently performed cardiac catheterization procedure caused his right prosthetic hip to become infected, requiring a two-stage revision surgery with ongoing range-of-motion difficulties.
The plaintiff's right hip had been replaced with a prosthesis in March 2008. Two years later, on June 30, 2010, he went to the emergency room at the defendant Huntington Hospital, where it was determined that he was suffering a heart attack and heart blockage. The defendant Ramanjit Bagga, a cardiologist, performed an emergency catheterization through the plaintiff's right femoral artery and vein, placed a stent in the proximal right coronary artery, and installed a temporary pacemaker. The plaintiff was discharged three days later.
Between July 2010 and February 2011, the plaintiff was seen for follow-up care at the defendant Huntington Hospital Dolan Family Health Center, Inc. (hereinafter Dolan Family Health Center), where he was seen once by the defendant Saloni Anand, a family medicine physician, and several times by the defendant Saili Desai, also a family medicine physician. On February 8, 2011, the plaintiff reported right hip pain to Desai, who ordered a right hip X ray, and gave him an orthopedic referral. Two weeks later, the plaintiff saw the defendant Norman Sveilich, an orthopedist, at the defendant North Shore University Hospital (hereinafter NSUH). After subsequent medical imaging and testing directed by Sveilich, the plaintiff's hip was discovered to be infected with staphlococcus aureus, necessitating a two-stage revision total hip replacement surgery. The plaintiff alleges that Bagga and Huntington Hospital negligently performed the catheterization and that the defendants departed from good and accepted practice by failing to timely diagnose and treat a right psoas abscess and infection, which caused him to develop a methicillin-resistant staphylococcus aureus infection, and required additional hip replacement surgery and removal of infected muscle, among other things.
After the completion of discovery, Anand and Sveilich separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Bagga and his employer, the defendant Huntington Medical Group, P.C., moved for the same relief as to them. Desai, Huntington Hospital, Dolan Family Health Center, NSUH, and the defendant North Shore Long Island Jewish Health System, Inc. (hereinafter NSLIJHS), also moved for the same relief as to them. In the order appealed from, the Supreme Court denied the motions, except that it awarded summary judgment dismissing the complaint insofar as asserted against NSLIJHS, upon finding that it was improperly named as a defendant in this action. The remaining defendants appeal.
To prevail on a motion for summary judgment in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from accepted community standards of medical practice, or that any departure was not a proximate cause of the plaintiff's injuries (see Alvarez v Propsect Hosp., 68 NY2d 320, 324; Matos v Khan, 119 AD3d 909, 910). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d at 324).
Here, each of the moving defendants established their prima facie entitlement to judgment as a matter of law by the submission of the affirmations of the respective experts who opined that the treatment of the plaintiff at the relevant time did not depart from accepted standards of care and did not cause or contribute to the plaintiff's injuries.
In opposition, the plaintiff presented an affirmation of an expert which raised triable issues of fact as to the liability of Bagga and, therefore, the vicarious liability of Huntington Medical Group, P.C. The plaintiff's expert opined that Bagga departed from the standard of care and contributed to the injuries of the plaintiff. The experts' disagreement presented a credibility battle, and issues of credibility are properly left to a jury for resolution (see B.G. v Cabbad, 172 AD3d 686, 688; Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624). Accordingly, we agree with the Supreme Court's denial of those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
However, we disagree with the Supreme Court's determination that the affirmation of the plaintiff's expert was sufficient to raise a triable issue of fact as to whether the remaining defendant physicians deviated or departed from accepted medical practice and that any such departure was a proximate cause of the plaintiff's injuries. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895 [citations and internal quotation marks omitted]; see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d 1077, 1079-1080; Galluccio v Grossman, 161 AD3d 1049, 1052). "Thus, where a physician provides an opinion beyond his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Lavi v NYU Hosps. Ctr., 133 AD3d 830, 831; see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d at 1080; Postlethwaite v United Health Servs. Hosps., 5 AD3d at 895). Here, the plaintiff's expert, who specialized in general and vascular surgery, did not indicate that he or she had any special training or expertise in orthopaedics or family medicine, and failed to set forth how he or she was, or became, familiar with the applicable standards of care in these specialized areas of practice (see Noble v Kingsbrook Jewish Med. Ctr., 168 AD3d at 1080; Galluccio v Grossman, 161 AD3d at 1052; Lavi v NYU Hosps. Ctr., 133 AD3d at 831). Further, the conclusions of the plaintiff's expert as to Desai, Anand, and Sveilich were conclusory and speculative (see Donnelly v Parikh, 150 AD3d 820, 824; Feuer v Ng, 136 AD3d 704, 707; Shashi v South Nassau Communities Hosp., 104 AD3d 838, 839), improperly based on hindsight reasoning (see Zawadzki v Knight, 76 NY2d 898, 899-900; Ortiz v Wyckoff Hgts. Med. Ctr., 149 AD3d 1093, 1095; Micciola v Sacchi, 36 AD3d 869, 871), and self-contradictory (see Ortner v City of New York, 50 AD3d 475, 475; see also Kandel v Kurzman, 24 AD3d 613, 614).
The plaintiff's contention that NSUH was individually liable due to allegedly deficient care he received in the emergency department in March 2011 was a new theory of recovery improperly raised for the first time in opposition to the motions for summary judgment (see Anonymous v Gleason, 175 AD3d 614, 617; Palka v Village of Ossining, 120 AD3d 641, 643). In any event, the plaintiff similarly failed to establish a foundation supporting the reliability of the opinion of his expert regarding the care the plaintiff received in the NSUH emergency department, since the expert set forth no skill, training, education, knowledge, or experience in emergency medicine (see Galluccio v Grossman, 161 AD3d at 1052).
Because the affirmation of the plaintiff's expert failed to raise a triable issue of fact as to whether the defendant physicians other than Bagga deviated or departed from accepted medical practice and that any such departure was a proximate cause of the plaintiff's injuries, no basis exists for proceeding against the defendants NSUH and Dolan Family Health Center under a vicarious liability theory for the malpractice of the defendant physicians who were their employees (see Feuer v Ng, 136 AD3d at 708; Goler v Sonsky, 115 AD3d 644, 644). Moreover, as the plaintiff failed to demonstrate that the orders of the defendant attending physicians were contraindicated by normal practice and did not allege any independent acts of negligence by the staff of Dolan Family Health Center, Huntington Hospital, or NSUH or raise the theory of ostensible or apparent authority of any [*3]defendant attending physicians, Dolan Family Health Center, Huntington Hospital, and NSUH may not be held liable for the injuries sustained by the plaintiff (see Cynamon v Mount Sinai Hosp., 163 AD3d 923, 924-925; Doria v Benisch, 130 AD3d 777, 778).
With respect to the plaintiff's cause of action alleging lack of informed consent, that theory of liability does not apply where, as here, "injuries allegedly resulted from a failure to undertake a procedure or a postponing of a procedure" (Ellis v Eng, 70 AD3d 887, 892; see Martin v Hudson Valley Assoc., 13 AD3d 419, 420; Hecht v Kaplan, 221 AD2d 100, 103-104) or where, as here, no "unconsented-to affirmative violation of the plaintiff's physical integrity" is alleged (Hecht v Kaplan, 221 AD2d at 103; see Ellis v Eng, 70 AD3d at 892; Martin v Hudson Valley Assocs., 13 AD3d at 420).
Accordingly, the Supreme Court should have granted the separate motions of Anand and Sveilich, and that branch of the motion of Desai, Dolan Family Health Center, Huntington Hospital, and NSUH, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
COHEN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court