Walker v Jamaica Hosp. Med. Ctr. (2022 NY Slip Op 04996)

Walker v Jamaica Hosp. Med. Ctr.

2022 NY Slip Op 04996

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2018-14353 
2019-07064
 (Index No. 706681/16)

[*1]Donna Walker, et al., appellants, 
v
Jamaica Hospital Medical Center, et al., respondents.

Randazzo & Giffords, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Melissa B. Ringel], of counsel), for appellants.
Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino and Yuko A. Nakahara of counsel), for respondents Jamaica Hospital Medical Center, Ravinder Nagpaul, TJH Medical Services, P.C., Donna M. Losco, and Medisys Health Network, Inc.
Kutner Friedrich, LLP, New York, NY (Tracy Solomon and Cheryl Zimmerli of counsel), for respondent Thambirajah Nandakumar.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered November 29, 2018, and (2) a judgment of the same court entered May 7, 2019. The order granted the separate motions of the defendant Thambirajah Nandakumar and the defendants Jamaica Hospital Medical Center, Ravinder Nagpaul, TJH Medical Services, P.C., Donna M. Losco, and Medisys Health Network, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them. The judgment, upon the order, is in favor of the defendant Thambirajah Nandakumar and against the plaintiffs dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from so much of the order as granted the motion of the
defendant Thambirajah Nandakumar for summary judgment dismissing the complaint insofar as asserted against him is dismissed; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, the motion of the defendants Jamaica Hospital Medical Center, Ravinder Nagpaul, TJH Medical Services, P.C., Donna M. Losco, and Medisys Health Network, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant Thambirajah Nandakumar for summary judgment dismissing the complaint insofar as asserted against him is denied, the complaint is reinstated insofar as asserted against that defendant, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendants appearing separately and filing separate briefs.
The appeal from so much of the order as granted the motion of the defendant Thambirajah Nandakumar for summary judgment dismissing the complaint insofar as asserted against him must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in favor of that defendant (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In June 2016, the plaintiff Donna Walker (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, among other things, to recover damages for medical malpractice, alleging, inter alia, that the defendants negligently failed to take proper medical steps to prevent the injured plaintiff from having a stroke, including a failure to administer tissue plasminogen activator (hereinafter tPA). Nandakumar, a physician who provided treatment to the injured plaintiff, moved for summary judgment dismissing the complaint insofar as asserted against him. In support of the motion, Nandakumar submitted, among other things, an affirmation from an expert in neurology, who opined, inter alia, that there was no indication for Nandakumar to recommend the administration of tPA or any other thrombolytic therapy when he examined the injured plaintiff on January 20, 2016, and that it was consistent with the standard of care to not administer tPA at that time. The defendants Ravinder Nagpaul, Donna M. Losco, Jamaica Hospital Medical Center (hereinafter JHMC), TJH Medical Services, P.C., and Medisys Health Network, Inc. (hereinafter collectively the JHMC defendants), also moved for summary judgment dismissing the complaint insofar as asserted against them, relying on the expert affirmation submitted by Nandakumar. In opposition to the defendants' motions, the plaintiffs submitted an expert affidavit from a neurosurgeon, who opined that the failure to timely order and administer aspirin to the injured plaintiff was a departure from accepted standards of medical practice.
In an order entered November 29, 2018, the Supreme Court granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, determining that the plaintiffs improperly raised new theories of liability for the first time in opposition to the defendants' motions. A judgment was entered on May 7, 2019, in favor of Nandakumar and against the plaintiffs dismissing the complaint insofar as asserted against him. The plaintiffs appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Palagye v Loulmet, 203 AD3d 729, 730; see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Palagye v Loulmet, 203 AD3d at 730, quoting Pirri-Logan v Pearl, 192 AD3d 1149, 1150 [internal quotation marks omitted]).
Here, Nandakumar established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting, among other things, the affirmation of his expert, who opined that Nandakumar's treatment of the injured plaintiff was within the appropriate standard of care, and that any alleged departure did not proximately cause the injured plaintiff's alleged injuries (see Wiater v Lewis, 197 AD3d 782, 783-784). However, in opposition, the plaintiffs raised triable issues of fact as to whether Nandakumar departed from the accepted standard of care in his neurological evaluation and treatment of the injured plaintiff's condition by failing to timely order and administer aspirin to the injured plaintiff, and whether such alleged departures proximately caused her alleged injuries (see Mehtvin v Ravi, 180 AD3d 661, 663). Although the plaintiffs' theory regarding the administration of aspirin was not specifically alleged in the complaint or bill of particulars, this theory was referred to by the plaintiffs' counsel when deposing a JHMC resident, and thus, was appropriately raised in opposition to Nandakumar's motion (see M.T. v Lim, 203 AD3d 778, 780; Weiss v Metropolitan Suburban Bus Auth., 106 AD3d 727, 728; cf. Larcy v Kamler, 185 AD3d 564, 566).
Furthermore, the JHMC defendants failed to establish their prima facie entitlement to judgment as a matter of law by relying on the affirmation of Nandakumar's expert, which did not address the standard of care rendered by Nagpaul and Losco, or refute the allegations of departures from accepted medical practice specific to the JHMC defendants (see Savage v Franco, 35 AD3d 581, 583). Since the JHMC defendants failed to establish their prima facie entitlement to judgment as a matter of law, their motion should have been denied, without regard to the sufficiency of the plaintiffs' submissions in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court