Danziger v Mayer (2025 NY Slip Op 01354)

Danziger v Mayer

2025 NY Slip Op 01354

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2020-04895
 (Index No. 505715/13)

[*1]Zalman Danziger, et al., respondents-appellants,
v
Jeffrey David Mayer, etc., et al., appellants-respondents, Jonathan Scott Zwerling, etc., respondent, et al., defendants.

Bartlett LLP, Central Islip, NY (Robert G. Vizza and Steven Snair of counsel), for appellants-respondents Jeffrey David Mayer and Jeffrey Mayer, M.D., P.C.
Dopf, P.C., New York, NY (Martin B. Adams and Jaymie Einhorn of counsel), for appellant-respondent Lutheran Medical Center and respondent Jonathan Scott Zwerling.
Lutner Friedrich, LLP, New York, NY (Tracy F. Solomon and John Krajewski of counsel), for appellant-respondent Ezra Medical Center.
Robert F. Danzi, Jericho, NY (Chrtistine Coscia of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Ezra Medical Center appeals, the defendants Jeffrey David Mayer and Jeffrey Mayer, M.D., P.C., separately appeal, the defendant Lutheran Medical Center separately appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 19, 2020. The order, insofar as appealed from by the defendant Ezra Medical Center, denied its motion for summary judgment dismissing the complaint insofar as asserted against it. The order, insofar as appealed from by the defendants Jeffrey David Mayer and Jeffrey Mayer, M.D., P.C., denied their motion for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as appealed from by the defendant Lutheran Medical Center, denied that branch of the motion of the defendants Lutheran Medical Center and Jonathan Scott Zwerling which was for summary judgment dismissing the complaint insofar as asserted against the defendant Lutheran Medical Center. The order, insofar as cross-appealed from by the plaintiffs, granted that branch of the motion of the defendants Lutheran Medical Center and Jonathan Scott Zwerling which was for summary judgment dismissing the complaint insofar as asserted against the defendant Jonathan Scott Zwerling.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Jeffrey David Mayer and Jeffrey Mayer, M.D., P.C., which was for summary judgment dismissing the second cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendants Lutheran [*2]Medical Center and Jonathan Scott Zwerling which was for summary judgment dismissing the second cause of action insofar as asserted against the defendant Lutheran Medical Center, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from and cross-appealed from, with costs to the defendant Jonathan Scott Zwerling payable by the plaintiffs.
On October 23, 2012, the plaintiff Zalman Danziger (hereinafter the injured plaintiff) presented to his primary medical care facility, the defendant Ezra Medical Center (hereinafter Ezra), where he was seen by Meier Kessler, a physician's assistant. The injured plaintiff reported that on the night prior, while bending down to pick up something, he felt a "snap" on the left side of his head, which was followed by a headache on the left temporal area of his head and blurred vision in his left eye. The injured plaintiff reported that at the time of examination he felt warmth on the left side of his face and continued to have pain on the left temporal area of his head and blurred vision in his left eye. Kessler, among other things, performed a neurological examination of the injured plaintiff and then referred him to the emergency department of the defendant Lutheran Medical Center (hereinafter Lutheran) for a neurological workup.
The injured plaintiff drove to Lutheran's emergency department and, following triage by a nurse, was examined by the defendant Jeffrey David Mayer, an attending physician in Lutheran's emergency department. Mayer, inter alia, noted that the injured plaintiff's chief complaints included blurred vision in his left eye and the sudden onset of a headache that had lasted for up to 13 hours, and performed a neurological examination of the injured plaintiff, which, in Mayer's opinion, was normal. Following his initial assessment, Mayer ordered an ophthalmology consultation to evaluate the injured plaintiff's complaint of blurred vision in his left eye.
Following the injured plaintiff's examination by the defendant Jonathan Scott Zwerling in Lutheran's eye clinic, Zwerling attributed the blurred vision in the injured plaintiff's left eye to a preexisting cataract, which Zwerling suggested might have been traumatic in origin. Thereafter, a CT scan of the injured plaintiff's head without contrast was performed, the results of which revealed no intracranial hemorrhage, extra-axial collection, mass effect, or midline shift. Following his reevaluation of the injured plaintiff, Mayer directed that the injured plaintiff be discharged with instructions to follow up with Lutheran's eye clinic later that week.
Approximately one hour following his discharge from Lutheran, the injured plaintiff suffered a stroke related to an acute occlusion in the left internal carotid artery secondary to an internal carotid artery dissection.
In September 2013, the injured plaintiff commenced this action against Ezra, Mayer and his medical practice, the defendant Jeffrey Mayer, M.D., P.C. (hereinafter together the Mayer defendants), Lutheran, and Zwerling, among others, asserting, among other things, causes of action sounding in medical malpractice (first cause of action) and lack of informed consent (second cause of action), premised, in large part, upon a general allegation that the defendants failed to timely diagnose and treat the injured plaintiff's impending stroke. The injured plaintiff's wife, Esther Danziger, asserted a derivative claim for loss of consortium (third cause of action). Thereafter, Ezra moved for summary judgment dismissing the complaint insofar as asserted against it. The Mayer defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them. Lutheran and Zwerling separately moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated May 19, 2020, the Supreme Court denied the separate motions of Ezra and the Mayer defendants and that branch of the motion of Lutheran and Zwerling which was for summary judgment dismissing the complaint insofar as asserted against Lutheran, and granted that branch of the separate motion of Lutheran and Zwerling which was for summary judgment dismissing the complaint insofar as asserted against Zwerling. Ezra, the Mayer defendants, and Lutheran separately appeal, and the plaintiffs cross-appeal.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716 [internal quotation marks omitted]; see [*3]Stewart v New York Hosp. Queens, 214 AD3d 919, 920-921). "In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff" (Attia v Klebanov, 192 AD3d 650, 651). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (Kogan v Bizekis, 180 AD3d 659, 660, quoting Sheppard v Brookhaven Mem. Hosp. Ctr., 171 AD3d 1234, 1235). "[A] defendant's expert's affidavit or affirmation that merely recounts the treatment rendered and opines in a conclusory manner that such treatment did not represent a departure from good and accepted medical practice is insufficient to meet this burden" (Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 912 [alteration and internal quotation marks omitted]). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Guctas v Pessolano, 132 AD3d 632, 633). "To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations" (M.T. v Lim, 203 AD3d 778, 778-779 [internal quotation marks omitted]). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant [medical provider's] summary judgment motion" (J.P. v Patel, 195 AD3d 852, 854 [internal quotation marks omitted]). "Expert opinions, in order not to be considered speculative or conclusory should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Attia v Klebanov, 192 AD3d at 651 [internal quotation marks omitted]). Summary judgment is generally not appropriate in a medical malpractice action "'where the parties adduce conflicting medical expert opinions,'" that are neither conclusory nor speculative, and are otherwise supported by the record (Williams v Nanda, 177 AD3d 938, 939, quoting Feinberg v Feit, 23 AD3d 517, 519; see Lowe v Japal, 170 AD3d 701, 702).
Contrary to Ezra's contentions, the Supreme Court correctly determined that Ezra failed to meet its prima facie burden, having failed to eliminate all triable issues of fact as to the allegations of medical malpractice asserted against it (see Hiegel v Orange Regional Med. Ctr., 219 AD3d 910; Walker v Jamaica Hosp. Med. Ctr., 208 AD3d 714, 716; Anthony v Freedman, 207 AD3d 509, 510). Accordingly, Ezra's motion for summary judgment dismissing the complaint insofar as asserted against it was properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Mayer defendants established their prima facie entitlement to judgment as a matter of law by submitting the affirmations of medical experts who opined, in a nonconclusory and nonspeculative manner, that the Mayer defendants' treatment of the injured plaintiff was within the appropriate standard of care and that any alleged departure did not proximately cause the injured plaintiff's injuries (see Walker v Jamaica Hosp. Med. Ctr., 208 AD3d at 716; Anthony v Freedman, 207 AD3d at 510; Vasiu v Berg, 192 AD3d 1060, 1061). However, the Supreme Court correctly denied those branches of the Mayer defendants' motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against them because, inter alia, the plaintiffs' conflicting expert opinions raised triable issues of fact (see Walker v Jamaica Hosp. Med. Ctr., 208 AD3d at 714; Anthony v Freedman, 207 AD3d at 510; Vasiu v Berg, 192 AD3d at 1060).
To establish a cause of action to recover damages for medical malpractice based on lack of informed consent, "a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Cox v Herzog, 192 AD3d 757, 758 [internal quotation marks omitted]). "The third element is construed to mean that the actual procedure performed for which there was no informed consent must have been a proximate cause of the injury" (Kelapire v Kale, 189 AD3d 1197, 1199 [internal quotation marks [*4]omitted]). However, where, as here, the gravamen of a plaintiff's allegations are essentially that, due to their negligence, the defendants failed to evaluate the seriousness of the patient's condition, "'with the result that affirmative treatment was not sought in a timely manner,'" a plaintiff fails to state cause of action based on lack of informed consent (Schel v Roth, 242 AD2d 697, 698, quoting Etkin v Marcus, 74 AD2d 633). Accordingly, the Supreme Court should have granted those branches of the separate motions of the Mayer defendants and Lutheran and Zwerling which were for summary judgment dismissing the second cause of action, alleging lack of informed consent, insofar as asserted against the Mayer defendants and Lutheran (see Martin v Hudson Val. Assoc., 13 AD3d 419, 420; Sample v Levada, 8 AD3d 465, 466-467; Schel v Roth, 242 AD2d at 698).
Zwerling, whose involvement in the injured plaintiff's care and treatment at Lutheran was limited only to an ophthalmological consultation to address the injured plaintiff's complaints of blurred vision in his left eye, demonstrated, prima facie, his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Leigh v Kyle, 143 AD3d 779, 782-783). Contrary to the plaintiffs' contention, they failed to raise a triable issue of fact with respect to Zwerling's prima facie showing (see id.). Accordingly, the Supreme Court correctly granted that branch of the motion of Lutheran and Zwerling which was for summary judgment dismissing the complaint insofar as asserted against Zwerling.
"'In general, under the doctrine of respondeat superior, a hospital may be held vicariously liable for the negligence or malpractice of its employees acting within the scope of employment, but not for negligent treatment provided by an independent physician, as when the physician is retained by the patient himself [or herself]'" (Fuessel v Chin, 179 AD3d 899, 901, quoting Seiden v Sonstein, 127 AD3d 1158, 1160). However, an exception to the rule that a hospital may not be held vicariously liable for the treatment provided by an independent physician applies "where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (id. [internal quotation marks omitted]). Here, Lutheran failed to demonstrate, prima facie, that it was free from vicarious liability for the injured plaintiff's care and treatment in its emergency department as a matter of law (see Vargas v Lee, 207 AD3d 684, 685-686). Accordingly, the Supreme Court correctly denied those branches of the motion of Lutheran and Zwerling which were for summary judgment dismissing the first and third causes of action insofar as asserted against Lutheran, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CONNOLLY, J.P., GENOVESI, CHAMBERS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court