Carradice v Jamaica Hosp. Med. Ctr. (2021 NY Slip Op 05688)





Carradice v Jamaica Hosp. Med. Ctr.


2021 NY Slip Op 05688


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-00043
 (Index No. 703439/15)

[*1]Zambiah Carradice, etc., et al., appellant,
v
Jamaica Hospital Medical Center, defendant, Long Island Jewish Medical Center, respondent.


Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated October 10, 2017. The order, insofar as appealed from, granted the motion of the defendant Long Island Jewish Medical Center for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 16, 2014, the plaintiff's 19-year-old son, Hurushikesh Moulton, presented at the defendant Jamaica Hospital Medical Center (hereinafter Jamaica Hospital), complaining of a persistent cough with blood. He was diagnosed with bronchitis, given a prescription medication, and sent home. Three days later, Moulton was taken by ambulance to the defendant Long Island Jewish Medical Center (hereinafter LIJMC) with complaints of difficulty breathing. He was discharged the following day with a diagnosis of "viral syndrome," with directions to continue the prescription medication and to follow up with his primary care physician. One day later, on March 21, 2014, Moulton died. The cause of death was found to be "bilateral pulmonary thromboemboli due to lower extremity deep vein thrombosis of unknown etiology."
The plaintiff commenced this action against Jamaica Hospital and LIJMC, alleging, inter alia, medical malpractice. LIJMC moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated October 10, 2017, the Supreme Court, inter alia, granted LIJMC's motion. The plaintiff appeals.
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Pirri-Logan v Pearl, 192 AD3d 1149, 1150; Elstein v Hammer, 192 AD3d 1075, 1076; Roca v Perel, 51 AD3d 757, 758-759). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting [*2]medical expert opinions (see Elstein v Hammer, 192 AD3d at 1077; Feinberg v Feit, 23 AD3d 517, 519). However, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact (see Elstein v Hammer, 192 AD3d at 1077; Wagner v Parker, 172 AD3d 954, 955).
Here, LIJMC established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it through, among other things, the affirmation of its expert, a physician board-certified in emergency medicine and internal medicine, who opined that, based upon his review of, inter alia, the medical records, the deposition testimony, and the pleadings, LIJMC did not depart from accepted medical practice in failing to diagnose a pulmonary embolus when Moulton presented at LIJMC, and that the treatment and care rendered at that time was in accordance with the accepted standard of care (see Elstein v Hammer, 192 AD3d at 1077; Russell v Garafalo, 189 AD3d 1100, 1101-1102; Wagner v Parker, 172 AD3d at 955). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert was conclusory, speculative, and unsupported by the evidence (see Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011; Elstein v Hammer, 192 AD3d at 1077-1079; Wagner v Parker, 172 AD3d at 955).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted LIJMC's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court