Coscia v Mosca (2022 NY Slip Op 01288)





Coscia v Mosca


2022 NY Slip Op 01288


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-09030
2020-05163
 (Index No. 706653/14)

[*1]Arlene Coscia, etc., appellant,
v
Ralph S. Mosca, et al., defendants, Joseph Maytal, et al., respondents.


Silberstein, Awad & Miklos, P.C., Garden City, NY (Veronica Sewnarine of counsel), for appellant.
Shaub Ahmuty Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Nicholas Tam of counsel), for respondents Joseph Maytal, Li Kan, Rose Marie Y Sy-Kho, and Long Island Jewish Medical Center.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 7, 2018, and (2) a judgment of the same court entered May 18, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Joseph Maytal, Li Kan, Tanya-Marie Thomasen, Rose Marie Y Sy-Kho, and Long Island Jewish Medical Center which were for summary judgment dismissing the complaint insofar as asserted against the defendants Joseph Maytal, Li Kan, Rose Marie Y Sy-Kho, and Long Island Jewish Medical Center. The judgment, insofar as appealed from, upon the order, is in favor of the defendants Joseph Maytal, Li Kan, Rose Marie Y Sy-Kho, and Long Island Jewish Medical Center and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents Joseph Maytal, Li Kan, Rose Marie Y Sy-Kho, and Long Island Jewish Medical Center.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The infant, born in August 2004, presented to the emergency room of the defendant Long Island Jewish Medical Center (hereinafter LIJMC) in November 2006 with, inter alia, slurred [*2]speech, right-sided facial weakness, and ptosis of the left eye. The defendant Li Kan, a pediatric neurologist, treated the infant upon her admission to LIJMC and offered a differential diagnosis of seizure, stroke, or transient ischemic attack. The infant was also treated at LIJMC by the defendants Rose Marie Y Sy-Kho and Joseph Maytal, and was discharged after approximately two weeks with a diagnosis of "seizure disorder." The infant returned to the emergency room of LIJMC in February 2007 because she was "unresponsive" and "twitching," and was diagnosed as having experienced a "[g]eneralized seizure and small convulsion." She was then transferred to New York Presbyterian Hospital, where she was diagnosed as having suffered a massive and debilitating stroke.
The infant's mother, on behalf of the infant and individually, commenced this action against, among others, LIJMC, Kan, Sy-Kho, and Maytal (hereinafter collectively the defendants), alleging, inter alia, a cause of action to recover damages for medical malpractice based upon the alleged failure to diagnose the infant with a transient ischemic attack when she presented to the emergency room in November 2006, or to direct that the infant be placed on anticoagulation medication at that time. Following discovery, the defendants and the defendant Tanya-Marie Thomasen moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered June 7, 2018, the Supreme Court, inter alia, granted those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants. A judgment was entered on May 18, 2020, inter alia, in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against the defendants. The plaintiff appeals.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864; see Pirri-Logan v Pearl, 192 AD3d 1149, 1150; Elstein v Hammer, 192 AD3d 1075, 1076; Roca v Perel, 51 AD3d 757, 758-759). "If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 864; see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 864; see Elstein v Hammer, 192 AD3d at 1077; Feinberg v Feit, 23 AD3d 517, 519). "However, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 864; see Elstein v Hammer, 192 AD3d at 1077; Wagner v Parker, 172 AD3d 954, 955).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them through, among other things, the affirmation of their expert, a physician board-certified in pediatrics, psychiatry, and neurology with special competence in child neurology. The defendants' expert opined that, based upon her review of, inter alia, the infant's medical records, transcripts of the deposition testimony, and the various pleadings, the treatment provided to the infant by the defendants was in accordance with the accepted standard of care, and that any alleged departures were not a proximate cause of the infant's stroke in February 2007 (see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863; Roye v Gelberg, 172 AD3d 1260, 1262; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1289).
In opposition, the plaintiff failed to raise a triable issue of fact. The affidavits of the plaintiff's medical experts insofar as they pertain to the treatment provided to the infant at LIJMC in November 2006 were conclusory, speculative, and unsupported by the evidence (see Carradice v Jamaica Hosp. Med. Ctr.,198 AD3d 863; Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1011; Elstein v Hammer, 192 AD3d at 1077-1079; Wagner v Parker, 172 AD3d at 955; Graziano v Cooling, 79 AD3d 803, 805; Bourgeois v North Shore Univ. Hosp. at Forest Hills, 290 AD2d 525, 526).
Accordingly, the Supreme Court properly awarded the defendants summary judgment [*3]dismissing the complaint insofar as asserted against them.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court