Gargano v Langman (2023 NY Slip Op 01279)

Gargano v Langman

2023 NY Slip Op 01279

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-04874
 (Index No. 30988/17)

[*1]Phyllis Gargano, respondent,
v
Yaron Langman, et al., defendants, Peter Kaye, et al., appellants.

Voute, Lohrfink, McAndrew, Meissner & Roberts, LLP, White Plains, NY (Thomas K. Wittig of counsel), for appellants Kenneth Zweig and Jacob Ouseph.
Meagher & Meagher, P.C., White Plains, NY (Christopher B. Meagher of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Peter Kaye and Good Samaritan Hospital appeal, and the defendants Kenneth Zweig and Jacob Ouseph separately appeal, from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 22, 2020. The order, insofar as appealed from by the defendants Kenneth Zweig and Jacob Ouseph, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
ORDERED that the appeal by the defendants Peter Kaye and Good Samaritan Hospital is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendants Kenneth Zweig and Jacob Ouseph, on the law, and that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Kenneth Zweig and Jacob Ouseph.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendants Kenneth Zweig and Jacob Ouseph (hereinafter together the defendants). Following the completion of discovery, the defendants moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them. In an order dated April 22, 2020, the Supreme Court, inter alia, denied that branch of the defendants' motion, and the defendants appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Palagye v Loulmet, 203 AD3d 729, 730; see Matthis v Hall, 173 AD3d 1162, [*2]1163). If the defendant makes such a showing, then the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden (see Frazier v Shteynberg, 208 AD3d 458, 459; Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 864; see Walker v Jamaica Hosp. Med. Ctr., 208 AD3d 714, 716). At the same time, "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 864; see Palagye v Loulmet, 203 AD3d at 731).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them through, among other things, the affirmation of their medical expert, the plaintiff's medical records, and the transcripts of the defendants' deposition testimony. This evidence demonstrated, prima facie, that the defendants did not depart from the appropriate standard of care and that any alleged departures were not a proximate cause of the plaintiff's injuries (see Walker v Jamaica Hosp. Med. Ctr., 208 AD3d at 716; Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 864-865). In opposition, the affirmations of the plaintiff's experts were conclusory, speculative, and unsupported by the evidence. Thus, the plaintiff failed to raise a triable issue of fact (see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d at 865; Shashi v South Nassau Communities Hosp., 104 AD3d 838, 839; Dunn v Khan, 62 AD3d 828, 830).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court