Quinones v Winthrop Univ. Hosp. (2024 NY Slip Op 04406)

Quinones v Winthrop Univ. Hosp.

2024 NY Slip Op 04406

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-00816
 (Index No. 606252/16)

[*1]Chrissie Quinones, etc., respondent,
v
Winthrop University Hospital, appellant, et al., defendants.

Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino, Daniel L. Freidlin, and Edgar A. Hirsch of counsel), for appellant.
Frederick K. Brewington, Hempstead, NY (Albert D. Manuel II of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Winthrop University Hospital appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered January 21, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendants Winthrop University Hospital and Barry Rosenthal which was for summary judgment dismissing the complaint insofar as asserted against Winthrop University Hospital.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Winthrop University Hospital and Barry Rosenthal which was for summary judgment dismissing the complaint insofar as asserted against the defendant Winthrop University Hospital is granted.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendant Winthrop University Hospital (hereinafter Winthrop), among others, where her son, the decedent, was treated after he sustained three gunshot wounds. Following the completion of discovery, Winthrop and the defendant Barry Rosenthal (hereinafter together the defendants) moved, among other things, for summary judgment dismissing the complaint insofar as asserted against Winthrop. In an order entered January 21, 2021, the Supreme Court, among other things, denied that branch of the defendants' motion. Winthrop appeals.
"On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure" (Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (Kielb v Bascara, 217 AD3d 756, 756, quoting Wiater v Lewis, 197 AD3d 782, 783). "Once a defendant makes a prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact' as [*2]to the elements on which the defendant met the prima facie burden" (Clarke v New York City Health & Hosps., 210 AD3d 631, 632, quoting Donnelly v Parikh, 150 AD3d 820, 822).
"'Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Gargano v Langman, 214 AD3d 770, 771, quoting Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864). However, "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898-899 [internal quotation marks omitted]).
Here, the defendants established Winthrop's prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Winthrop through, inter alia, the affirmation of their medical expert and the decedent's medical records. This evidence demonstrated that Winthrop did not depart from the appropriate standard of care and that, in any event, any alleged departures were not a proximate cause of the decedent's injuries (see Gargano v Langman, 214 AD3d at 771; Mellon v Ribaudo, 199 AD3d 675, 677).
In opposition, the plaintiff failed to raise a triable issue of fact. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Abruzzi v Maller, 221 AD3d 753, 756 [internal quotation marks omitted]; see Behar v Coren, 21 AD3d 1045, 1046-1047). "'Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered'" (Galluccio v Grossman, 161 AD3d 1049, 1052, quoting Mustello v Berg, 44 AD3d 1018, 1019).
Here, the plaintiff submitted an affirmation of a physician who engaged in the private practice of internal medicine and cardiology. However, the affirmation did not indicate that the physician had training in emergency medicine or what, if anything, the physician did to become familiar with the standard of care for this specialty (see Messeroux v Maimonides Med. Center, 181 AD3d 583, 585; Samer v Desai, 179 AD3d 860, 863; Galluccio v Grossman, 161 AD3d at 1052). Furthermore, the affirmation was conclusory, speculative, and unsupported by the evidence (see Alvarellos v Tassinari, 222 AD3d 815, 819). Thus, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Winthrop.
The parties' remaining contentions need not be addressed in light of our determination.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court