Hannen v Nici (2024 NY Slip Op 04378)

Hannen v Nici

2024 NY Slip Op 04378

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-08403
 (Index No. 1403/18)

[*1]Colleen M. Hannen, etc., appellant,
v
Anthony Nici, etc., et al., respondents.

The Law Offices of Robert F. Rich, Jr., PLLC, New Paltz, NY, for appellant.
Feldman, Kleidman, Collins & Sappe, LLP, Fishkill, NY (Terry D. Horner of counsel), for respondent Anthony Nici.
Thompson-Tinsley Law PLLC, Cold Spring, NY (Angela Thompson-Tinsley of counsel), for respondents Leroy Cordero Floyd and Orange Regional Medical Center.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Orange County (Maria Vasquez-Doles, J.), dated August 30, 2022. The order granted the motion of the defendant Anthony Nici and the separate motion of the defendants Leroy Cordero Floyd and Orange Regional Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff, individually and as administrator of the decedent's estate, commenced this action, inter alia, to recover damages for medical malpractice against the defendants, Anthony Nici, Leroy Cordero Floyd, and Orange Regional Medical Center (hereinafter ORMC). The defendants had treated the decedent, the plaintiff's husband, for gastrointestinal bleeding. Following the completion of discovery, Nici moved and Floyd and ORMC separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated August 30, 2022, the Supreme Court granted both motions. The plaintiff appeals.
"'On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure'" (Alvarellos v Tassinari, 222 AD3d 815, 818, quoting Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (Kielb v Bascara, 217 AD3d 756, 756, quoting Wiater v Lewis, 197 AD3d 782, 783). "Once a defendant makes a prima facie showing, 'the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact' as to the elements on which the defendant met the prima facie burden" (Clarke v New York City Health & Hosps., 210 AD3d 631, 632, quoting Donnelly v Parikh, 150 AD3d 820, 822).
"'Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Gargano v Langman, 214 AD3d 770, 771, quoting Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864). However, "'expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact'" (Gestelevich v Ornstein, 219 AD3d 1493, 1494, quoting Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898-899).
Here, on their separate motions, Nici and Floyd established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them through the submission of, among other things, affidavits and deposition transcripts of Nici and Floyd and the decedent's medical records. This evidence demonstrated, prima facie, that Nici and Floyd did not depart from the appropriate standard of care and that any alleged departures were not a proximate cause of the decedent's injuries (see Gargano v Langman, 214 AD3d at 771; Marine v Camissa, 107 AD3d 672, 673).
In opposition, the plaintiff failed to raise a triable issue of fact. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Abruzzi v Maller, 221 AD3d 753, 756 [internal quotation marks omitted]; see Behar v Coren, 21 AD3d 1045, 1046-1047). "'Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered'" (Galluccio v Grossman, 161 AD3d 1049, 1052, quoting Mustello v Berg, 44 AD3d 1018, 1019).
The plaintiff submitted an affirmation of a physician who engaged in the private practice of internal medicine and gastroenterology, but the physician did not indicate that he or she had training in the post-procedure treatment of patients in a hospital setting, or what, if anything, he or she did to familiarize himself or herself with the standard of care for this specialty (see Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585; Samer v Desai, 179 AD3d 860, 863; Galluccio v Grossman, 161 AD3d at 1052). Moreover, the affirmation of the plaintiff's expert was conclusory, speculative, and unsupported by the record (see Alvarellos v Tassinari, 222 AD3d at 819).
Inasmuch as Nici and Floyd established that they could not be held liable, ORMC, as their employer, established that it could not be held liable under any theory of vicarious liability. "A claim of vicarious liability cannot stand when 'there is no primary liability upon which such a claim of vicarious liability might rest'" (Wijesinghe v Buena Vida Corp., 210 AD3d 824, 826, quoting Karaduman v Newsday, Inc., 51 NY2d 531, 546). Nor does the complaint set forth any other basis upon which ORMC could be held liable in this case.
Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court