Diamond v St. Anthony Community Hosp. (2025 NY Slip Op 06987)

Diamond v St. Anthony Community Hosp.

2025 NY Slip Op 06987

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-05588
 (Index No. 4258/19)

[*1]Deborah Diamond, appellant, 
vSt. Anthony Community Hospital, Warwick, New York, et al., respondents.

John C. Clark, New York, NY, for appellant.
Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (William H. Bave, Jr., of counsel), for respondent St. Anthony Community Hospital, Warwick, New York.
Feldman, Kleidman, Collins & Sappe, LLP, Fishkill, NY (Terry D. Horner of counsel), for respondent Rebeca Caban.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vasquez-Doles, J.), dated April 17, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendant Rebeca Caban and the separate motion of the defendant St. Anthony Community Hospital, Warwick, New York, which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendant Rebeca Caban and the separate motion of the defendant St. Anthony Community Hospital, Warwick, New York, which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them is denied.
The plaintiff presented to the emergency department of the defendant St. Anthony Community Hospital, Warwick, New York (hereinafter the hospital), after a boating accident and was seen by the defendant Rebeca Caban, an obstetrician/gynecologist, who made an initial diagnosis of a peritoneal laceration. Caban took the plaintiff into surgery, during which Caban diagnosed the plaintiff with a deep gluteal laceration, which Caban cleaned and repaired. The plaintiff was discharged from the hospital the following day. Approximately one week later, the plaintiff presented to a different hospital where she was diagnosed with a surgical wound infection that required further surgery for drainage and debridement of the wound and broad spectrum antibiotics.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against Caban and the hospital. After the completion of discovery, the defendants separately moved, among other things, for summary judgment dismissing the cause of action alleging [*2]medical malpractice insofar as asserted against each of them. In an order dated April 17, 2023, the Supreme Court, inter alia, granted those branches of the separate motions. The plaintiff appeals.
"On a motion for summary judgment dismissing the complaint in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from good and accepted medical practice, or that the plaintiff was not injured by any such departure" (Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655; seeQuinones v Winthrop Univ. Hosp., 230 AD3d 1170, 1171). "'Once a defendant physician has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden'" (Corujo v Caputo, 224 AD3d 729, 730, quoting Gillespie v New York Hosp. Queens, 96 AD3d 901, 902). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Gargano v Langman, 214 AD3d 770, 771 [internal quotation marks omitted]; see Quinones v Winthrop Univ. Hosp., 230 AD3d at 1171-1172).
Here, contrary to the Supreme Court's determination, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against each of them, the plaintiff raised triable issues of fact. Initially, an expert affirmation submitted by the plaintiff from Anika Ackerman, a urologist, was properly considered in opposition to the defendants' separate motions. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895 [citations and internal quotation marks omitted]; see Lyons v Tsadyk, 225 AD3d 681, 683; Hiltz v DiLorenzo, 206 AD3d 631, 634). Here, Ackerman averred that she had training in general surgery during her residency and that her clinical experience included surgical repair of gluteal lacerations. Any questions regarding the precise nature and degree of Ackerman's experience go to the weight that her opinions should be given, which is a matter for resolution by a jury (see Lyons v Tsadyk, 225 AD3d at 683; Hiltz v DiLorenzo, 206 AD3d at 634).
Ackerman's affirmation raised triable issues of fact, as she contradicted Caban's proffered expert opinion that it was proper for Caban to close the plaintiff's wound completely and to not insert a drain. With the same level of detail provided by Caban, Ackerman opined that the standard of care required Caban to leave the wound open since it was exposed to nonsterile conditions for more than six hours or to insert a drain to allow fluid to escape from the wound.
Furthermore, even without considering Ackerman's affirmation, the plaintiff raised triable issues of fact by submitting an affirmation of her expert in infectious disease, Alan Stein. Caban's infectious disease expert, Marc Allen Tack, opined that post-discharge antibiotics were not warranted and that the plaintiff's infection was caused exclusively by enterococcus faecalis bacteria, which is found in the gastrointestinal tract, thus demonstrating that the infection developed postoperatively. Stein opined, in contrast, that post-discharge antibiotics were warranted based upon the origin and nature of the wound, the prolonged exposure to nonsterile conditions prior to surgery, and lab results showing elevated neutrophils, an early warning sign of infection. Stein also pointed to certain lab findings that he averred supported the conclusion that bacteria other than enterococcus faecalis caused the infection. Stein identified certain facts in the plaintiff's subsequent medical records, including the presence of necrotic tissue down to the bone and the prescription of broad spectrum antibiotics, which he averred supported his contention that the infection originated at least partially from bacteria within the wound. Contrary to the Supreme Court's conclusion, Stein's averments were not unduly speculative.
In sum, the parties proffered conflicting medical expert opinions, presenting a credibility issue requiring a jury's resolution (seeDelia v Wieder, 236 AD3d 856, 857; Chillious v Edouard, 234 AD3d 737, 741). Accordingly, the Supreme Court should have denied those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them.
In light of our determination, we need not reach the plaintiff's remaining contention.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court